**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**EVER ALVARENGA RIOS,**

**Petitioner,**

**v.**

**JASON BENZEL, et al.,**

**Respondents.**

**Civil Action No. 26-8193 (RK)**

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner's filing of a Motion to Amend his habeas petition following his release from immigration detention. (ECF No. 13.) For the reasons set forth below, the Court denies without prejudice the Motion to Amend, dismisses the matter without prejudice, considering his release, and directs the Clerk to close this matter.

On July 5, 2026, Petitioner filed his initial Petition for a writ of habeas corpus challenging his immigration detention. (ECF No. 1.) On August 13, 2026, Respondents released Petitioner under an Order of Supervision (OSUP), which set forth specific terms of his release. (ECF Nos. 13-1 at 2, 13-3.) On August 18, 2026, Petitioner filed a Motion to Amend through his attorney. (ECF No. 13.) In the proposed Amended Petition, Petitioner primarily challenges the lawfulness of U.S. Immigration and Customs Enforcement's ("ICE") change in policy, through 2025 Guidance, that permits survivors of human trafficking who have petitioned for T visas to be detained and removed. (ECF No. 13-1, Counts I-IV.) He also seeks to prevent his re-detention. (*Id.*, Counts V-VI.)

The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). A district court's authority includes jurisdiction to hear habeas challenges

to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

The Supreme Court has held that habeas petitions "may be amended ... as provided in the rules of procedure applicable to civil actions." *Mayle v. Felix*, 545 U.S. 644, 645 (2005) (quoting 28 U.S.C. § 2242). Rule 15 of the Federal Rules of Civil Procedure allows a petitioner to amend his petition once "as a matter of course," so long as it is filed within twenty-one days of the filing of the original pleading. *See* Fed. R. Civ. P. 15(a)(1)(A). Rule 15(a)(2) further provides that leave to amend a pleading should be "freely give[n] when justice so requires." Denying a motion for leave to amend must be justified. *Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Permissible justifications to deny include the following: (1) Undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment. *See Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995) (quoting *Foman*, 371 U.S. at 182)).

Here, habeas is the wrong vehicle for Petitioner's claims brought pursuant to the Administrative Procedures Act, 5 U.S.C. § 701 ("APA"). Under Third Circuit law, Petitioner cannot bring APA claims in a habeas case without a nexus to his release. As explained by the Third Circuit:

> The text of the APA allows challenges to agency action to be brought in habeas petitions, 5 U.S.C. § 703; *see also Gardner v. Grandolsky*, 585 F.3d 786, 788, 790–93 (3d Cir. 2009) (deciding an APA claim against a BOP regulation within a habeas petition). But the writ of habeas corpus is a means of challenging "unlawful executive detention" for which the "typical remedy ... is ... release." *Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207, 171 L.Ed.2d 1 (2008). Thus, for an APA claim to be brought in habeas, it must have some relationship to the prisoner's release.

*Thieme v. Warden Fort Dix FCI*, 154 F.4th 115, 123 (2025) (holding that nexus was satisfied where Petitioner's APA claim involved 28 days of good conduct time credits and could move up his release date). Here, Petitioner has already been released from detention on an OSUP. As such, the APA claims in the proposed Amended Petition do not have a sufficient nexus to his release, which has already occurred. The Court denies the Motion to Amend as to the APA claims and makes no determination about whether Petitioner may be able to bring his APA claims in an appropriate non-habeas civil action.

Petitioner's remaining claims seeking to prevent his re-detention are not adequately pleaded in the proposed Amended Petition. Petitioner concedes that he was released on an OSUP and states in a conclusory manner that his detention-claims are ripe and that the case is not moot. (ECF No. 13, Amended Petition at ¶¶ 11-12.) But the relevant decisions in this context suggest otherwise. *See, e.g., Nunes v. Decker*, 480 F. App'x 173, 175, 2012 WL 1593021, at *2 (3d Cir. 2012) (citing *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that noncitizen's release from detention on an order of supervision mooted his challenge to the legality of his detention)); *see also Gonzalez-Reyes v. Decker*, No. 20-2639, 2020 WL 7869549, at *12 (S.D.N.Y. Dec. 31, 2020) ("Ultimately, [the petitioner's] claims regarding the constitutional deficiency of potential future detention are speculative—based on uncertain events and conditions that may never come to pass. As a result, this matter no longer presents a case or controversy justiciable under Article III."). There are no well-pleaded facts suggesting that Petitioner's supervision will be revoked or that he will be re-detained in the near future, and the Court has no occasion to rule on these issues. The Court denies the Motion to Amend as to Petitioner's detention-related claims. If Petitioner is unlawfully detained in the future, his remedy is to file a new Petition.

For these reasons, the Court denies without prejudice the Motion to Amend, dismisses the matter without prejudice considering his release, and directs the Clerk to close this matter. An accompanying Order follows.



ROBERT KIRSCH
United States District Judge